# IN THE COURT OF APPEALS OF IOWA

No. 16-0270
Filed July 19, 2017

**WILLIAM PARGO,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Appeal from the denial of an application for postconviction relief. **AFFIRMED.**

Susan R. Stockdale, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

William Pargo was convicted of possession of a controlled substance with intent to deliver; possession of a controlled substance with intent to deliver while in immediate possession or control of a firearm; failure to possess a drug tax stamp; and possession of a firearm as a felon. This court affirmed his convictions on direct appeal. *See State v. Pargo*, No. 10-1492, 2012 WL 1058223, at *1 (Iowa Ct. App. Mar. 28, 2012).

This case arises out of Pargo's application for postconviction relief. In his application, Pargo contended his counsel was ineffective in two respects. First, his trial counsel failed to move to dismiss the charges as untimely pursuant to Iowa Rule of Criminal Procedure 2.33. Second, his counsel failed to move to suppress evidence obtained from the search of a hotel room purportedly conducted in violation of Pargo's right to be free from unreasonable search and seizure. We review claims of ineffective assistance of counsel de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

On de novo review, we affirm the judgment of the district court. The State timely filed its trial informations. *See* Iowa R. Crim. P. 2.33(2) (requiring an indictment be found against the defendant within forty-five days of the defendant's arrest); *State v. Williams*, ___ N.W.2d ___, ___, 2017 WL 2291375, at *8 (Iowa 2017) (holding the "rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance"). Pargo's counsel had no duty to raise a meritless claim. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009).

With respect to the suppression motion, Pargo has not proved a breach of duty. This issue was, in fact, raised and decided in the district court and raised on direct appeal. *See Pargo*, 2012 WL 1058223, at *12. Further, like the district court, we conclude the issue is without merit. Pargo had actual and apparent authority to consent to the search of the hotel room and voluntarily gave consent. *See id.* (rejecting defendant's claim his counsel was ineffective in failing to challenge the search of the hotel room).

We affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), (e).

**AFFIRMED.**